UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| T. TERRELL BRYAN, | ) C/A No. 4:09-2117-PMD-TER |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| WARDEN MICHAEL MCCALL, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, T. Terrell Bryan, ("Petitioner/Bryan) is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 11, 2009. Respondent filed a motion for summary judgment on November 23, 2009, along with a return and supporting memorandum. An order was filed on November 24, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. On January 5, 2010, Petitioner filed a response to Respondent's motion for summary judgment. Respondent filed a reply on January 5, 2010. (Doc.#32).

### I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner. Therefore, the undersigned will set out the procedural history as

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

set forth by the Respondent, in part.

Petitioner is currently confined at the Broad River Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Hampton County. Petitioner was indicted by the Jasper County Grand Jury during the June 1998 Term of the Court of General Sessions for Driving under Suspension, Second Offense (1998-GS-27-0137) and Failure to Stop for a Blue Light/Siren (1998- GS-27-0136). Petitioner was also indicted by the Hampton County Grand Jury during the March 1998 Term of the Court of General Sessions for Murder (1998-GS-25-0111) and during the September 1998 Term of the Court of General Sessions for Assault and Battery with Intent to Kill (1998-GS-25-0389). Petitioner was represented by Steve Plexico, Esquire, Public Defender for Hampton County. (App. 1-25). The State was represented by Solicitor Randolph Murdaugh, III, Esquire of the Fourteenth Judicial Circuit. Id.

On December 1, 1998, Petitioner pleaded guilty to voluntary manslaughter, ABHAN, Driving under Suspension, and Failure to Stop for a Blue Light. Id. The Honorable Gerald C. Smoak, Circuit Court Judge, sentenced Petitioner to confinement for thirty (30) years for the voluntary manslaughter conviction, three (3) years for the Failure to Stop for a Blue Light conviction, sixty (60) days for the Driving under Suspension conviction, and ten (10) years for the ABHAN conviction, all to be served concurrently. (App. 25). Petitioner now seeks relief from the Driving under Suspension and Failure to Stop for a Blue Light convictions. There was no Direct Appeal.

Petitioner filed an Application for Post-Conviction Relief on July 9, 2003 (2003- CP-27-252), asserting double jeopardy, constitutional violation (jurisdiction), and ineffective assistance of counsel. (App. 60-67). Specifically, Petitioner asserted he was subject to the same offense twice, Jasper County failed to appoint counsel, and counsel said nothing about lack of jurisdiction. (App. 62). The State filed its Return on June 29, 2004. (App. 68-72).

On July 27, 2004, a hearing in this matter was held before the Honorable John C. Few, Circuit Court Judge. Petitioner was present and was represented by Gene Kelly, Esquire. The State was represented by Assistant Attorney General Adrianne L. Turner, Esquire. At this hearing, Mr. Kelly was relieved as counsel, and Petitioner was informed that a conditional order of dismissal would be filed. Petitioner was advised that he would be appointed new counsel, and he would have thirty (30) days from the day the conditional order of dismissal was signed to substantiate how his application did not violate the statute of limitations.

On August 9, 2004, the PCR Court filed the Conditional Order of Dismissal. (App. 74-75). In the Order, Jim Brown, Esquire, was appointed to represent Petitioner. (App. 74). Further, the PCR Court noted the State's Return requested that the application be summarily dismissed for failure of Petitioner to comply with South Carolina Code § 17-27-45, which provides that an application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the Remittitur to the lower court from an appeal or the filing of the final decision upon an appeal; whichever is later. (App. 74). On December 1, 1998, Petitioner pleaded guilty to voluntary manslaughter, ABHAN, Driving under Suspension, and Failure to Stop for a Blue Light. (Plea Tr. 1-25). No appeal was taken. Id. Petitioner filed an application for post-conviction on July 9, 2003, well after the one year statutory filing period had expired. Id. Petitioner had submitted no facts to support either of the exceptions to section 17-27-45. (App. 74).

On November 29, 2004, the PCR Court filed its Order of Dismissal. (App. 76-77). In the Order, the PCR Court noted the matter came before the Court pursuant to an application for post-conviction relief (PCR) filed July 9, 2003. (App. 76). The Respondent (the State) made its Return and Motion to Dismiss on July 29, 2004, requesting that the Application be summarily dismissed. Id. After reviewing the pleadings in the matter and all of the records attached thereto, the PCR Court issued a Conditional

Order of Dismissal dated July 30, 2004, provisionally denying and dismissing the PCR action, while giving Petitioner thirty (30) days from the date of service of said Order in which to show why the dismissal should not become final. Id. The Conditional of Dismissal was served on Petitioner by the Jasper County Clerk of Court on August 11, 2004. Id. Petitioner failed to respond to the State's motion to dismiss. (App. 76). Therefore, the PCR Court found that sufficient reason had not been shown why the Conditional Order of Dismissal should not become final. Id. ( App. 77). There was no Appeal of this PCR Court Order.

Petitioner filed a second Application for Post-Conviction Relief on October 18, 2005 (2005-CP-27-336), stating he repeated the same allegations of the original complaint as if verbatim. (App. 26-34). The State filed its Return and Motion to Dismiss on May 23, 2007. (App. 35-41). An evidentiary hearing was held on August 28, 2007, before the Honorable Perry M. Buckner, Circuit Court Judge. (App. 42-55). Petitioner was present and was represented by Charles Stephen Bennett, Esquire. Id. Assistant Attorney General Lance Boozer, Esquire, represented the State. Id.

The PCR Court filed an Order of Dismissal in this action on September 11, 2007. (App. 56-9). In the Order, the PCR Court noted that Petitioner filed an application for post conviction relief on July 9, 2003, challenging these convictions (App. 56). The State's Return and Motion to Dismiss was filed on June 29, 2004, requesting that the application be summarily dismissed. (App. 56-7). The first PCR Court issued a Conditional Order of Dismissal dated July 30, 2004, which gave Petitioner thirty (30) days to respond. (App. 57). Petitioner failed to respond to the Conditional Order of Dismissal and the case was summarily dismissed by the Honorable John C. Few by order dated November 19, 2004. (App. 57).

The PCR court concluded that even if the facts alleged by Petitioner were true, these facts did not support a cognizable claim for post-conviction relief under any of the statutory grounds. (App. 58).

The PCR Court found that Petitioner was no longer incarcerated for the offenses he challenged. Id. Therefore, the PCR Court found that Petitioner lacked standing to challenge these convictions and sentences. Id. The PCR Court also found that Petitioner's contention that he received ineffective assistance of counsel on his prior post- conviction relief application was not a ground for relief as there is no constitutional right to appointed counsel for collateral review of a conviction. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 LEd.2d 539 (1987). (App. 58).

The PCR Court found and concluded that Petitioner lacked the standing necessary to support a cognizable claim for post-conviction relief under any of the statutory grounds. (App. 58-9). Therefore, the second PCR application was denied and dismissed with prejudice. (App. 59).

Petitioner timely filed a Notice of Appeal on April 7, 2008. On appeal, he was represented by Lanelle C. Durant, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a Petition for Writ of Certiorari. In the Petition, Petitioner argued the PCR court erred in denying Petitioner's second application for post-conviction relief on the grounds that Petitioner lacked standing to support a cognizable claim when there was evidence that his prior PCR attorney failed to respond to the Conditional Order of Dismissal issued July 30, 2004, and Petitioner was prejudiced by the conviction of DUS 2nd offense. In a letter Order filed May 28, 2009, the South Carolina Supreme Court denied Petitioner's Petition for Writ of Certiorari. The Remittitur was issued on June 15, 2009.

## II. SUMMARY JUDGMENT

On November 23, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully

5

develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### III. STANDARD OF REVIEW

Since Bryan filed his petition after the effective date of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## IV. DISCUSSION AS TO STATUTE OF LIMITATIONS

Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

In his response in opposition, Petitioner first asserts that he moves to strike Respondent's section labeled as Statute of Limitations asserting that the Perry Correctional Institution's law library does not contain a copy of 28 U.S.C. 2254(e)(1). However, Petitioner asserts that he is also entitled to equitable tolling.

Respondent filed a reply asserting that even if Petitioner did properly challenge his Jasper County convictions in his Hampton County PCR actions, which Respondent denies, Petitioner is not entitled to federal habeas relief in that he lacks standing to challenge the convictions because he is no longer in custody on the Jasper County convictions and the claims are barred by the statute of limitations.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner pleaded guilty and was sentenced on December 1, 1998, and had ten days to file an appeal. Petitioner did not file a direct appeal. Accordingly, the one year time within which to file for federal habeas relief began to run after he pleaded guilty and the ten days to file a direct appeal had expired on December 11, 1998. Therefore, Petitioner had until December 13 [3], 1999, to file his habeas action under the AEDPA statute of limitations absent any tolling.

Petitioner filed his first application for post conviction relief ("APCR") on July 9, 2003. The PCR application was dismissed for failure to file his PCR application within one year after the entry of a judgment of conviction. The PCR application did not toll the statute of limitations in that it was

---

[3] December 11, 1999, was on a Saturday so that Petitioner would have had until the following Monday.

9

filed over four years after the conviction and was dismissed as time barred. Therefore, the AEDPA statute of limitations had expired before Petitioner filed his first PCR application.[4] Petitioner did not file this habeas petition until August 11, 2009, clearly outside the AEDPA statute of limitations for federal habeas review.

Petitioner has not presented any evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only

---

[4] Even if the first PCR application had tolled the statute of limitations, his federal habeas petition would still be barred by the statute of limitations. There was no appeal of the first PCR order which was entered on September 11, 2007, and Petitioner did not file this action until August 11, 2009, again, well outside of the AEDPA statute of limitations for federal habeas review.

when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Applying the law as described, Petitioner has not presented an extraordinary circumstance beyond Petitioner's control. Likewise, it is well established that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). [5]

## V. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (doc.#17) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that all outstanding motions be deemed MOOT.

---

[5] As the petition is barred by the statute of limitations, the grounds raised in the petition will not be addressed on the merits.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 19, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**